IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH MCKNIGHT, #34317-056       *
        Petitioner,
  v.                                          *  Civil Case No. WDQ-10-1026

MR. WHITEHEAD[1]                                  *
BUREAU OF PRISONS
        Respondents.                *

MEMORANDUM

Kenneth McKnight petitions pro se for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. McKnight, a Federal Bureau of Prisons ("BOP") inmate confined at the Federal Correctional Institution-Cumberland,[2] challenges the BOP determination denying him entry into the Residential Drug Abuse Program ("RDAP")[3] which, in turn, he claims impedes his consideration for designation to a Residential Reentry Center ("RRC") under the Second Chance Act of 2007, U.S.C. § 3624(c). As relief, he asks the court to order that he be reconsidered for RDAP participation and considered for RRC designation and home confinement under the Second Chance Act. After due consideration, the Petition will be dismissed without prejudice for failure to exhaust administrative remedies.

McKnight acknowledges that he is in the process of presenting his grievances to the BOP through its administrative remedies process. Petition, p. 3. The documents that he has

---

[1] J.D. Whitehead no longer serves as Warden at FCI-Cumberland. The Acting Warden is Joe Coakley.

[2] On December 13, 2005, McKnight was sentenced in the Eastern District of North Carolina to 112 months incarceration after he pleaded guilty to heroin distribution. *See UnitedStates v. McKnight*, Criminal Action No. 7-05-44-F-1 (E.D.N.C).

[3] The BOP is required to ensure that all "eligible prisoners" "with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment ... [and the BOP shall] provide residential substance abuse treatment." 18 U.S.C. § 3621(e)(1). As an incentive for successful completion, prisoners with non-violent offenses *may* receive a reduced sentence up to one year upon completion. (Emphasis added).

submitted indicate that he is not eligible for RDAP early release benefits based on a two-point weapons enhancement in his PSI report. Response of Acting Warden Joe Coakley dated March 23, 2010. The documents also indicate that McKnight will be reviewed for benefits under the Second Chance Act when 17-19 months remain on his sentence.

McKnight contends that exhaustion is "futile" and he will suffer irreparable harm if he cannot present his claims to the court at this time. He appears to argue that his exclusion from RDAP will prevent him from obtaining full benefits under the Second Chance Act such as RRC or home confinement placement.

Courts have consistently required exhaustion of administrative remedies prior to petitioning for a writ of habeas corpus. Exhaustion allows the appropriate agency to develop a factual record and apply its expertise which can facilitate judicial review. It also permits agencies to grant the relief requested, which conserves judicial resources and provides agencies the opportunity to correct their own errors, fostering administrative autonomy, before a petitioner hales the matter into federal court. *See McCarthy v. Madigan,* 503 U.S. 140, 144-145 (1992); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 761-62 (3rd Cir. 1996).

There are, however, instances where exhaustion may be excused. The Supreme Court recognizes that "it is a principle controlling all habeas corpus petitions to the federal courts that those courts will interfere with the administration of justice…only in rare cases where exceptional circumstances of peculiar urgency are shown to exist." *Rose v. Lundy,* 455 U.S. 509, 515-516 (1982). Exhaustion of administrative remedies may not be required where a petitioner demonstrates futility, the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or the administrative procedure is clearly shown to be inadequate to prevent irreparable harm. *See Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3rd Cir.

1988).

Unless the agency is certain to rule adversely, which is not the case here, a petitioner's unsupported prediction of failure does not excuse his lack of administrative exhaustion. *See Thetford Properties IV Ltd. Partnership v. U.S. Department of Housing & Urban Development*, 907 F.2d 445, 450 (4th Cir. 1990). Allowing a petitioner to avoid the administrative process based on conclusory assertions "would allow the futility exception to swallow the exhaustion." *Id*. According to the BOP Inmate Locator website, as of April 27, 2010, McKnight's actual or projected release date is October 21, 2012.[4] There is sufficient time for Petitioner to complete the administrative procedure process.

Further, even if McKnight were to complete the RDAP, it remains within the discretion of the BOP whether to grant a subsequent reduction in sentence. *See* 18 U.S.C. § 3621(e) (2) (B). Federal prisoners have no constitutional or inherent right to participate in rehabilitative programs while incarcerated. *See Moody v. Daggett*, 429 U.S. 78, 88, n. 9 (1976). Nor do prisoners have a constitutional right to release before the expiration of a valid sentence. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, (1979). A separate Order follows.

April 28, 2010          /s/
Date          William D. Quarles, Jr.
         United States District Judge

---

[4] If each stage of the ARP process required the maximum number of days allowed by statute, the entire process would take approximately four months. *See* 28 C.F.R. § 542.14 to 542.15; *see also Larue v. Adams*, 2006 WL 1674487 *9 (S.D. W. Va. June 12, 2006).